Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5864 | **DATE** | 9/20/2001 |
| **CASE TITLE** | Calvin Pettigrew, Jr. vs. U.S. Dept. Of Labor, Employment Standards Administration, and Office of Workers' Compensation Programs | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, the United States' motion to dismiss the plaintiff's complaint, on the ground that the court lacks subject matter jurisdiction to hear this case, is GRANTED. [Doc. # 10]. This case is closed and all other motions are rendered moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | SEP 21 2001 date docketed | |
| X | Docketing to mail notices. | | | |
| X | Mail AO 450 form. | | docketing deputy initials | 17 |
| | Copy to judge/magistrate judge. | | | |
| | lc(vg) | courtroom deputy's initials | 01 SEP 20 PM 3: 25 date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

**Calvin Pettigrew, Jr.**
   **Plaintiff,**

No. 00 C 5864

v.

HONORABLE DAVID H. COAR

**U.S. Dept. of Labor, Employment Standards Administration, & Office of Workers' Compensation Programs**

   **Defendants.**

## MEMORANDUM OPINION AND ORDER

Before this court is defendant United States' motion to dismiss plaintiff Calvin Pettigrew's ("Pettigrew" or "plaintiff") complaint against the U.S. Department of Labor, the Employment Standards Administration, and the Office of Workers' Compensation Programs. Pettigrew, acting *pro se*, brings this suit seeking review of a determination of the Secretary of Labor with respect to his claim for workers' compensation benefits under the Federal Employees' Compensation Act, 5 U.S.C. § 8101 *et seq.* ("FECA"). Defendants move to dismiss the complaint on the ground that the court lacks subject matter jurisdiction to hear this case. For the following reasons, the United States' motion is granted.

### Statement of Facts

On December 14, 1994, Pettigrew, a temporary casual mailhandler of the U.S. Postal Service, sustained a back injury when, while he was standing inside a truck unloading a box, the

1

driver pulled the truck away from the dock and Pettigrew fell. Pettigrew sought and received medical treatment. Losing no time from work, he began performing limited duty work with the Postal Service as a temporary casual clerk in manual letters. Pettigrew filed a claim for FECA benefits with the Office of Worker Compensation Programs ("OWCP"). OWCP determined that Pettigrew had sustained an employment related lumbar strain and accordingly covered his medical costs.

On June 9, 1995, Pettigrew filed a claim alleging a recurrence of disability from the December 14, 1994 injury because he was experiencing back pain o his left side, up and down his spine, as well as pain in his neck, chest, legs and feet, while casing mail. Pettigrew left work to obtain medical treatment at the emergency room, but returned to his limited duty position the next day, June 10, 1995.

In support of the claim for recurrence of disability, Pettigrew submitted a medical report dated June 9, 1995, from Dr. Robert Kempf, stating that Pettigrew had lumbar pain, and a report form Dr. Jeffrey Williamson-Link, indicating that he had treated Pettigrew on June 9, 1995, for muscle strain. In a June 29, 1995 report, Dr Gunnar B. Andersson ("Dr. Andersson") indicated that diagnostic testing (an MRI) revealed that Pettigrew had bulging discs. Dr. Andersson's report did not address the cause of Pettigrew's condition, but did state that it warranted lifting restrictions.

On July 7, 1995, the U.S. Postal Service offered Pettigrew a temporary jobs as a rehabilitation casual clerk, for the period July 18, 1995 until August 27, 1995. He refused to take the job offered.

By a letter dated July 12, 1995, OWCP informed Pettigrew that he needed to submit

additional evidence in support of his claim for recurrence of disability.

In a July 13, 1995 report Dr. Andersson stated that the manual distribution clerk position was consistent with Pettigrew's physical limitations. Dr. Andersson, in an August 2, 1995 report, also stated that he did not believe that Pettigrew's bulging discs were caused by the December 14, 1994, injury. Dr Andersson commented that even if the injury had aggravated the bulging discs, such aggravation would be limited to a temporary period of three to six months.

In a decision dated September 20, 1995, OWCP denied Pettigrew's claim for recurrence disability on the grounds that the medical evidence failed to establish that Pettigrew's claimed disability was casually related to the accepted injury. OWCP also terminated authorization for additional medical benefits.

In response to OWCP's September 20, 1995 decision, Pettigrew requested a hearing before an Office Hearing Representative. At a June 17, 1996, Pettigrew appeared in person, testified on the record, and submitted additional medical records relating to his back condition. Pettigrew asserted a claim for wage loss compensation subsequent to August 1995 and medical benefits. After the hearing but before a decision was issued, the Postal Service submitted additional evidence.

In a decision dated September 30, 1996, the Office Hearing Representative found that Pettigrew had not established that he was entitled to wage-loss compensation on or after June 9, 1995. As permitted under FECA, Pettigrew requested reconsideration of the Hearing Representative decision. In a decision dated February 12, 1997, OWCP denied modification of the prior decision, o the ground that the evidence submitted was insufficient to warrant merit review. Pettigrew sought reconsideration again. He failed to submit any new evidence or legal

3

arguments in support of his request. In a decision date July 7, 1997, OWCP again declined to modify the prior decision.

Pettigrew appealed to Employees' Compensation Appeals Board, (ECAB). In a decision dated February 3, 2000, ECAB affirmed OWCP's decisions dated July 7 and February 12, 1997. ECAB found that while Pettigrew was entitled to medical benefits for the accepted condition of back strain, he was not entitled to any wage loss compensation as a result of the original December 14, 1994. ECAB also held that OWCP properly concluded that Pettigrew had failed to meet his burden of proof in establishing a recurrence of disability on or after June 9,1995.

Subsequently, Pettigrew filed a lawsuit against the U.S Dept. of Labor, the Employment Standards Administration, and OWCP. Pettigrew's complaint alleges that the Secretary of Labor ("Secretary") denied his for FECA benefits without affording him due process. Pettigrew also alleges that he was improperly offered a job that did not meet his physical restrictions, and that OWCP violated its own internal procedures in determining entitlement to compensation in such a situation. Pettigrew further alleges that the hearing before the OWCP hearing representative was unfair and not impartial. In particular, he contends that the U.S. Postal Service was allowed to influence the Secretary's decision-making process, to communicate ex parte with the Dept. of Labor, and to submit improper evidence. Lastly, Pettigrew contends that OWCP violated statutory mandates.

Pettigrew's Prayer for Relief asks this court to vacate all decisions by OWCP and ECAB and to remand his FECA case to OWCP for further proceedings. In addition, he seeks payment of his FECA benefits and all unpaid salary, with interest. Lastly, he is seeking punitive damages "as the court deem[s] necessary."

## Standard of Review

Typically, a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure does not test whether the defendant will prevail on the merits, but instead whether the defendant has properly stated a claim for which relief may be granted. Pickrel v. City of Springfield, Ill., 45 F.3d 1115 (7th Cir. 1995). The court must accept as true all of the defendant's well-pleaded factual allegations, as well as all reasonable inferences. Id. Thus, the court will dismiss a complaint under Rule 12(b)(6) only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Ledford v. Sullivan, 105 F.3d 354, 357 (7th Cir. 1997) (quoting Hishon v. King & Spalding, 467 U.S. 69, 78, 104 S. Ct. 2229, 2232 (1984)). Any ambiguities are construed in favor of the defendant Curtis v. Bembenek, 48 F.3d 281, 283 (7th Cir. 1995). However, the court need "not strain to find inferences favorable to the defendant which are not apparent on the face of the complaint." Coates v. Illinois State Bd. of Ed., 559 F.2d 445, 447 (7th Cir. 1977).

## Discussion

A. Review Under 5 U.S.C. § 8128(b)

The United States argues that remedies for employment-related injuries or deaths under FECA are completely administrative and that review of Pettigrew's claims is precluded by 5 U.S.C. § 8128(b). This court agrees.

Section 8128(b) provides in pertinent part:

The action of the Secretary or her designee in allowing or denying a payment under this subchapter is -

(1) final and conclusive for all purposes and with respect to all questions of law and fact; and

5

(2) not subject to review by another official of the United States or by a Court by mandamus or otherwise.

5 U.S.C. § 8128(b). Giving effect to the plain meaning of Section § 8128(b), courts have repeatedly recognized that the Secretary's decisions on benefit determinations pursuant to FECA are not subject to judicial review. <u>Czerkies v. U.S. Department of Labor</u>, 73 F.3d 1435, 1441 (7th Cir. 1996)(*en banc*); <u>see also</u> <u>McDougal-Saddler v. Herman</u>, 184 F.3d 207 (3rd Cir. 1999), cert. denied, 120 S.Ct. 1670 (2000); <u>B. Brumley v. U.S. Dept. of Labor</u>, 28 F.3d 746, 747 (8th Cir.1994) (per curiam); <u>Woodruff v. U.S. Dept. of Labor</u>, 954 F.2d 634, 639 (11th Cir.1992) (per curiam); <u>Owens v. Brock</u>, 860 F.2d 1363, 1367 (6th Cir.1988); <u>Rodrigues v. Donovan</u>, 769 F.2d 1344, 1347-48 (9th Cir.1985). The Seventh Circuit as well as other courts, have, however, permitted judicial review of FECA determinations by the Secretary when a substantial, cognizable constitutional claim is alleged.

In <u>Czerkies</u>, the Seventh Circuit held that 5 U.S.C. § 8128(b), despite its uncompromising language, does not bar constitutional challenges to decisions by the Office of Workers' Compensation Programs. <u>Id</u>. at 1437 (internal citation omitted). After finding that the district court had jurisdiction to consider Czerkies' constitutional claim, the Court nevertheless concluded that dismissal of his suit for lack of subject matter jurisdiction was proper. The Court found that despite the fact that Czerkies' documents were "replete with assertions that the claim was denied without due process of law," there was no "indication of some deficiency in the procedures by which Czerkies' claim was processed." <u>Id</u>. at 1443. The Court determined that "Czerkies had affixed the constitutional label to a garden-variety claim for benefits plainly barred by 5 U.S.C. § 8128(b)." <u>Id</u>. And the Court concluded by stating that since "[t]he government

6

does not violate the Constitution every time it mistakenly denies a claim for benefits," the district court's dismissal of Czerkies' claim was affirmed. Id.

In the present case, as in Czerkies, the plaintiff asserts that due process was violated when OWCP denied his claim for wage loss compensation subsequent to June 9, 1995 under FECA. This court finds that the plaintiff's constitutional claims, as those alleged by the plaintiff in Czerkies, are in fact simply a claim for benefits and therefore precluded by Section § 8128(b).

In order to determine whether a due process violation exists, the court must first identify the property interest that has purportedly been deprived in violation of the Constitution. Matthews v. Elderidge, 424 U.S. 319, 332 (1976). Pettigrew does not have nor has he ever acquired an entitlement to any wage loss compensation.

OWCP found that Pettigrew had sustained an employment-related back injury on December 14, 1994 and found that he was entitled only to medical benefits. Any property rights Pettigrew may have had in continued medical benefits relating to the original injury were satisfied when the Secretary allowed his claim for medical benefits. OWCP, however, denied Pettigrew's claim for wage-loss compensation based on an alleged recurrence of disability and never paid any him any compensation. In the FECA system, a claim for recurrence is a separate and distinct claim for disability and the claiman bears the burden of proof to establish his entitlement to benefits. 20 C.F.R. § 10.104(b). Consequently, Pettigrew had no property interest in the receipt of such benefits.

Further, this court agrees with the United States that even if Pettigrew's complaint implicated a protected property interest, Pettigrew has failed to articulate how his consitutional rights were violated. Pettigrew specifically contends that the Postal Service was permitted to

7

"influence" the hearing representative's decision or to submit additional information during the hearing process. The Dept. of Labor regulations, however, provide that the employing establishment has the right to be present at hearings. 20 C.F.R. § 10.135 (1996); 20 C.F.R. §§ 10.617 and 10.621 (2001). In addition, the regulations also provide that a hearing remains open until 30 days after the hearing is held during which time additional evidence may be submitted. 20 C.F.R. § 10.260.6(b) (1996); 20 C.F.R. § 10.617(f) (2001). Consequently, any submissions by the U.S. Postal Office subsequent to Pettigrew's hearing were allowed by the regulations and do not resonate as due process violations by the OWCP.

Lastly, Pettigrew claims that the U.S. Postal Service had *ex parte* communications with the Secretary. Such allegations, however, appear to be completely speculative and unexplained. Pettigrew's claims of due process violations do meet the standards for a "cognizable constitutional claim." Therefore, this court has no jurisdiction to review the Secretary's benefits determination and the plaintiff's claim is dismissed.

## Conclusion

For the foregoing reasons, the government's motion to dismiss the plaintiff's complaint on the ground that the court lacks subject matter jurisdiction to hear this case is granted.

Enter: /s/ David H. Coar

David H. Coar
United States District Judge

Date: SEP 2 0 2001

8